1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

     v.

ADA VITTALY, et al.,

        Defendants.

                             /

No. C 04-3186 MHP

**MEMORANDUM & ORDER**
**Re: Reconsideration of Summary**
**Judgment Ruling**

On August 5, 2004 the United States brought this action against defendant Ada M. Vittaly and others under 26 U.S.C. sections 7401–7403 to reduce to judgment outstanding federal tax assessments and to foreclose federal tax liens upon certain real property. During the course of these proceedings, defendant Vittaly passed away and her interests passed to her successor, the Estate of Vittaly, which was substituted as a proper party to this action. On July 7, 2006, this court denied plaintiff's motion for summary judgment, finding that regardless of whether the tax lien against the subject property was valid, there was no basis for plaintiff to seek judgment against the Estate of Vittaly. On September 25, 2006 this court granted plaintiff leave to file a motion for reconsideration. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

//
//
//
//

UNITED STATES DISTRICT COURT
For the Northern District of California

BACKGROUND

The tangled history of this action is well-chronicled in this court's July 7, 2006 order denying plaintiff's motion for summary judgment. The court will not recount here all that has transpired in this action, but will briefly revisit the facts pertinent to the present motion.

On August 5, 2004, the United States brought this action with two objectives: to reduce to judgment outstanding tax assessments against defendant Vittaly, and to foreclose federal tax liens on certain real property. Defendant Vittaly allegedly failed to pay taxes for, *inter alia*, the sale of stock in 1991, 1992, 1993, 1995 and 1996. In late 1999, the Internal Revenue Service made assessments for those years, and in May 2001, the IRS filed a federal tax lien against the residence of defendant Vittaly located at 1020 Sunnybrook Drive, Lafayette, California.

The tax lien against 1020 Sunnybrook has been the focus of this action throughout. The timing and enforceability of the tax lien against 1020 Sunnybrook, the passage of title to 1020 Sunnybrook, and the propriety of a forced sale of 1020 Sunnybrook under 26 U.S.C. section 7403 have been sharply disputed. While the proper cost basis of the stock sold by defendant Vittaly has also been disputed, the factual and legal focus of this action, by both plaintiff and defendants, has been the issue of foreclosure of the United States' tax lien against 1020 Sunnybrook.

Prior to the hearing on the United States' summary judgment motion, the United States settled with the present owner of 1020 Sunnybrook and dismissed him as a defendant. The tax lien of the United States, which was originally $243,964.69, has been reduced to $58,327.95. The parties agree that, pursuant to this settlement, the United States cannot satisfy its tax lien by foreclosure against 1020 Sunnybrook. Thus the primary focus of this action has been resolved. However, the United States contends in its motion for reconsideration that it is entitled to judgment against any other property, real or personal, in the possession of the Estate of Vittaly.

LEGAL STANDARD

Any order that does not terminate the action is subject to revision before entry of judgment and may be reconsidered by the district court. Fed. R. Civ. P. 54(b); United States v. Desert Gold

2

UNITED STATES DISTRICT COURT
For the Northern District of California

1   <u>Mining Co.</u>, 433 F.2d 713, 715 (9th Cir. 1970).  A motion for reconsideration may be filed when

2   leave to file is granted.  Civil L.R. 7-9(a).  When leave to file is granted, the moving party must

3   specifically show: (1) that at the time of the motion for leave, a material difference in fact or law

4   exists from that which was presented to the court before entry of the interlocutory order for which

5   the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for

6   reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

7   emergence of new material facts or a change of law occurring after the time of such order; or (3) a

8   manifest failure by the court to consider material facts which were presented to the court before such

9   interlocutory order.  Civil L.R. 7-9(b).  A district court also has the power to reconsider *sua sponte*

10  its orders prior to the entry of judgment.  <u>United States v. Lo Russo</u>, 695 F.2d 45, 53 (2d Cir. 1982).

11

12  DISCUSSION

13         In ruling on plaintiff's motion for summary judgment, the court found that the IRS tax lien

14  against the Estate of Vittaly was valid.  <u>United States v. Vittaly</u>, No. C 04-3186 MHP, 2006 U.S.

15  Dist. LEXIS 46136, at *9–10 (N.D. Cal. July 7, 2006) (Patel, J.).  However, the court further held

16  that, as 1020 Sunnybrook was effectively no longer the subject of the tax lien, there was no

17  remaining basis for the IRS to seek judgment against the Estate of Vittaly.  <u>Id.</u> at 16.  This holding

18  was in error.

19         A government lien for unpaid taxes attaches to "all property and rights to property, whether

20  real or personal" of the lienee.  26 U.S.C. § 6321.  Thus, the lien extends not just to real property,

21  but to all property having exchangeable value, save those items exempt under 26 U.S.C. section

22  6334(a).  <u>Drye v. United States</u>, 528 U.S. 49, 56 (1999).  The transfer from defendant Vittaly to the

23  Estate of Vittaly of any exchangeable property does not remove the lien.  <u>United States v. Bess</u>, 357

24  U.S. 51, 57 (1958).

25         No evidence has been presented to the court that any attachable property is held by the Estate

26  of Vittaly.  That no such evidence has been presented makes the propriety of reconsideration

27  questionable in this case.  Civil L.R. 7-9(b)(3).  Nonetheless, if any such property exists the United

28

3

1   States, as holder of a valid and enforceable lien against the Estate of Vittaly, is entitled to

2   satisfaction of that lien from the assets of the Estate.  Judgment should be entered against the Estate

3   for the present amount of defendant Vittaly's unpaid tax assessments, plus statutory interest and

4   penalties, minus credits.

5

6   CONCLUSION

7        For the foregoing reasons, the court hereby GRANTS plaintiff's motion for summary

8   judgment.  The United States is entitled to satisfy the tax lien of $58,327.95 plus any accrued interest

9   and penalties minus credits against the Estate of Vittaly.

10        Plaintiff shall submit a form of judgment consistent with this order.

11

12        IT IS SO ORDERED.

13   Dated:    Dec. 27, 2006

14                                              MARILYN HALL PATEL
                                               District Judge
15                                             United States District Court
                                               Northern District of California
16

17

18

19

20

21

22

23

24

25

26

27

28

4